# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JASON KEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1492 |
| | ) | |
| CORIZON MEDICAL | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Dr. Michael Mitcheff, M.D.'s Motion for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies, filed on February 12, 2015. (DE #33.) For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**. Accordingly, Keel's claims against Dr. Mitcheff are **dismissed without prejudice**. The Clerk is directed to close this case.

BACKGROUND

Jason Keel, a former inmate at the Miami Correctional Facility ("Miami"), brought this action on May 2, 2014, pursuant to 42 U.S.C. § 1983. (DE #1.) The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted him leave to proceed on a claim that Dr. Mitcheff, the regional medical director for Corizon

Medical Services[1], refused to treat Keel's hand problems in March 2014. (DE #6.) And, because Keel alleged that he is still receiving inadequate medical care with respect to his hand, he was also granted leave to proceed on a claim for injunctive relief against Dr. Mitcheff, pertaining to his current medical needs. (*Id.*)

In his motion for summary judgment, Dr. Mitcheff argues that Keel has failed to exhaust his available administrative remedies prior to filing suit as required by the Prisoner Litigation Reform Act ("PLRA") and, therefore, these claims must be dismissed. Keel was provided with a "Notice of Summary Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE #36.) That notice clearly informed him that unless he disputed the facts presented by the defendant, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] A private company which provides medical care at Indiana Department of Correction facilities.

judgment as a matter of law."). Keel has filed his response (DE #46) and Defendant filed a reply (DE #47). The motion is therefore fully briefed and ripe for adjudication.

DISCUSSION

Summary Judgment Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

Facts

At all relevant times, and pursuant to Indiana Department of Correction ("IDOC") policy, Miami has an Offender Grievance Process under which an inmate can grieve a broad range of issues related to their conditions of confinement. (DE #34-1, Ex. A ¶ 7; Ex. B.) All inmates are made aware of the grievance process during orientation and a copy of the process is available in the law library. (Ex. A ¶ 7; Ex. B.) The process begins with the inmate attempting to resolve the matter informally with staff. (Ex. A ¶ 9.) If the issue cannot be resolved informally, the inmate must file a formal grievance within 10 days of the underlying incident. (*Id.* ¶ 9; Ex. B.) If the grievance is not resolved to the inmate's satisfaction, he must file an appeal within 10 working days of the grievance response. (*Id.* ¶ 8; Ex. B.) The grievance manager reviews the appeal and submits a response. (*Id.* ¶ 7; Ex. B.) An inmate has not fully exhausted the Offender Grievance Process until he completes all three steps of the process and receives a response from the Department's Offender Grievance Manager. (*Id.* ¶ 10; Ex. B.) Moreover, exhausting the grievance procedure requires timely pursuing each step of the informal and formal process. (*Id.*)

On October 21, 2013, Keel filed Grievance No. 79052, complaining about the medical care he received from Dr. Kream, Dr. Loveridge and Nurse Shalala. (DE #46 at 11.) He fully exhausted that grievance on December 18, 2013. (*Id.* at 6.)

According to the grievance records kept and maintained at Miami, Keel has initiated three (3) grievances in 2014 that have been fully exhausted: Grievance Numbers 81396, 81760 and 82172 (Ex. A, ¶ 11; Ex. C.)  In Grievance No. 81396, Keel complained about prison staff losing his property in conjunction with a move to the infirmary.  (Ex. A ¶ 12; Ex. C.)  This grievance was not fully exhausted until May 22, 2014.  (*Id.*)  In Grievance No. 81760, he complained about his medical care, including being in continuous pain and not being able to exercise.  (*Id.*)  Notably, this grievance complained about Dr. Mandaret, not Dr. Mitcheff.  It was not fully exhausted until June 3, 2014.  (*Id.*)  In Grievance No. 82172, he complained about not being able to obtain information from the state medical licensing board.  (*Id.*)  This grievance was not fully exhausted until May 29, 2014.  (*Id.*)

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  An inmate must exhaust before bringing his lawsuit, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C. § 1997e(a).  *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("exhaustion must precede litigation"); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (compliance with 42 U.S.C. § 1997e(a) is a "precondition to suit").

For exhaustion purposes, an inmate is deemed to have "brought" the action on the date when his complaint is tendered for mailing. *Ford*, 362 F.3d at 400.

The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Here, Dr. Mitcheff argues that Keel did not properly exhaust his administrative remedies before filing suit. As outlined above, the record reflects that Keel exhausted three grievances in 2014 and none were related to Mr. Mitcheff's March 2014 treatment of his hand.

Keel nevertheless maintains that he exhausted his administrative remedies by pointing to a grievance he filed on October 21, 2013. (DE #46 at 6.) However, that grievance was filed four months before Dr. Mitcheff allegedly denied him medical treatment for his hand. In addition, that October 2013 grievance

did not relate to Dr. Mitcheff's treatment of Keel's hand. Thus, the October 2013 grievance is insufficient to demonstrate that Keel exhausted his administrative remedies for his claims against Dr. Mitcheff in this case. Therefore, the undisputed facts show that Keel did not exhaust his administrative remedies regarding his claims that Dr. Mitcheff denied him medical treatment for his hand in March 2014 and beyond.

CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment (DE #33) is **GRANTED**. Accordingly, Keel's claims against Dr. Mitcheff are **dismissed without prejudice.** The clerk is directed to close this case.

**DATED:	August 17, 2015**	/s/ RUDY LOZANO, Judge
	**United States District Court**